# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTONIO JOHNSON, | : | |
|     Petitioner | : | |
| | : | No. 1:19-cv-2183 |
| v. | : | |
| | : | (Judge Rambo) |
| WARDEN DOUGLAS K. WHITE, | : | |
|     Respondent | : | |

## **MEMORANDUM**

### I.    BACKGROUND

This matter is before the Court pursuant to the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) filed by *pro se* Petitioner Antonio Johnson ("Petitioner"), who is currently incarcerated at the Federal Correctional Institution Allenwood in White Deer, Pennsylvania ("FCI Allenwood"). Petitioner paid the requisite $5.00 filing fee on December 23, 2019. (Doc. No. 3.)

In 2003, the Honorable C. W. Houck of the United States District Court for the District of South Carolina sentenced Petitioner to serve 360 months' incarceration for conspiracy to distribute and to possess with the intent to distribute fifty (50) grams or more of cocaine base and five (5) kilograms or more of cocaine. *See United States v. Johnson*, No. 4:02-cr-579-1 (D.S.C.). In 2016, Judge Houck issued an amended judgment reducing Petitioner's sentence to 232 months pursuant to a motion for reduction of sentence filed by the United States under Rule 35(b) of the Federal Rules of Criminal Procedure. *See id.* In 2012, Judge Houck denied

Petitioner's motion to vacate his sentence pursuant to 28 U.S.C. § 2255. *See id.* In January of 2019, Petitioner filed a motion seeking a reduction of his sentence pursuant to the First Step Act of 2018. *See id.* On April 24, 2019, in a text-only Order, the Honorable R. Bryan Harwell denied Petitioner's motion on the basis that his offense of conviction was not a covered offense under the First Step Act. *See id.* On August 20, 2019, the United States Court of Appeals for the Fourth Circuit affirmed the denial of Petitioner's motion seeking relief under the First Step Act. *See United States v. Johnson*, No. 19-6649 (4th Cir.).

In his § 2241 petition, Petitioner asserts that he is actually innocent "of the penalty prescribed for 50 grams or more of crack cocaine under [21 U.S.C. §] 841(b)(1)(A) . . . which . . . no longer carries a mandatory 10 years-life." (Doc. No. 1-1 at 3.) Petitioner bases his argument on the Fair Sentencing Act of 2010 and the First Step Act of 2018. (*Id.*) As relief, Petitioner requests that the Court reduce his sentence to conform with the penalties currently set forth in § 841(b). For the following reasons, the Court will dismiss Petitioner's § 2241 petition without prejudice.

## II. DISCUSSION

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004). The provisions of Rule 4 are applicable to § 2241

petitions under Rule 1(b). *See, e.g., Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides in pertinent part that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

It is well settled that a federal criminal defendant's conviction and sentence are subject to collateral attack in a proceeding before the sentencing court pursuant to 28 U.S.C. § 2255. *See, e.g., United States v. Addonizio*, 442 U.S. 178, 179 (1979). Indeed, to challenge the validity of a sentence, a federal prisoner must file a motion to vacate pursuant to § 2255 in the sentencing court, "a court already familiar with the facts of the case." *See Boumediene v. Bush*, 553 U.S. 723, 774-75 (2008); *Russell v. Martinez*, 325 F. App'x 45, 47 (3d Cir. 2009) (noting that "a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence"). Conversely, a federal prisoner may challenge the execution of his sentence, such as the denial or revocation of parole or the loss of good-time credits, by filing a petition pursuant to 28 U.S.C. § 2241 in the district court for the federal judicial district where the prisoner is in custody. 28 U.S.C. § 2241(a); *Rumsfeld v. Padilla*, 542 U.S. 443-44 (2004); *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). However, if a petitioner shows "that a § 2255 motion 'is inadequate or ineffective to test the legality of his detention,'

. . . [he may] resort to § 2241 to challenge the validity of the conviction or sentence." *See Brown v. Mendez*, 167 F. Supp. 2d 723, 726 (M.D. Pa. 2001); *see also* 28 U.S.C. § 2255(e); *Litterio v. Parker*, 369 F.2d 395, 395 (3d Cir. 1966) ("It is firmly established that the remedy available to a federal prisoner under 2255 is exclusive in the absence of a showing that such remedy 'is inadequate or ineffective to test the legality of [the prisoner's] detention.'").

A motion under § 2255 is "inadequate or ineffective" only where it is established "that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." *See Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971) (quoting *United States ex rel. Leguillou v. Davis*, 212 F.3d 681, 684 (3d Cir. 1954)). Specifically, the United States Court of Appeals for the Third Circuit has "applied the safety valve where an intervening and retroactive change in law had decriminalized the petitioner's underlying conduct, but he had no prior opportunity to challenge his conviction and could not satisfy the stringent standard for filing a second or successive § 2255 motion." *See Long v. Fairton*, 611 F. App'x 53, 55 (3d Cir. 2015) (citations omitted); *In re Dorsainvil*, 119 F.3d 245, 251-52 (3d Cir. 1997)). This "safety-valve" clause is to be strictly construed. *See In re Dorsainvil*, 119 F.3d at 251; *see also Russell*, 325 F. App'x at 47 (noting that the safety valve "is extremely narrow and has been held to apply in unusual situations, such as those

in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law"). The burden is on the habeas petitioner to demonstrate inadequacy or ineffectiveness. *See In re Dorsainvil*, 119 F.3d at 251-52; *Dusenbery v. Oddo*, No. 17-2402, 2018 WL 372164, at *3 (M.D. Pa. Jan. 11, 2018) (citing *Application of Galante*, 437 F.2d at 1165). "Critically, § 2255 is not inadequate or ineffective merely because the petitioner cannot satisfy § 2255's timeliness or other gatekeeping requirements." *Long*, 611 F. App'x at 55; *see Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988) (providing that prior unsuccessful § 2255 motions filed in the sentencing court are insufficient in and of themselves to show that the motion remedy is inadequate or ineffective); *Litterio*, 369 F.2d at 396. "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative." *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986). If a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. *See Application of Galante*, 437 F.2d at 1165.

As the Third Circuit recognized in *In re Dorsainvil*, a federal prisoner can pursue relief under § 2241 only where a subsequent statutory interpretation reveals that the prisoner's conduct is no longer considered to be criminal conduct so as to avoid a complete miscarriage of justice. *See In re Dorsainvil*, 119 F.3d at 251; *see also Okereke v. United States*, 307 F.3d 117, 120-21 (3d Cir. 2002) (holding § 2241

5

may not be used to raise an *Apprendi v. New Jersey*, 530 U.S. 466 (2000) claim that is barred by the procedural limitations imposed by the AEDPA); *Brown v. Mendez*, 167 F. Supp. 2d 723, 726-27 (M.D. Pa. 2001). Sentencing claims, therefore, "[do] not fall within the purview of the savings clause." *See Adderly v. Zickefoose*, 459 F. App'x 73, 75 (3d Cir. 2012); *Pearson v. Warden Canaan USP*, 685 F. App'x 93, 96 (3d Cir. 2017) ("§ 2241 is not available for an intervening change in the sentencing laws.").

Here, Petitioner challenges his sentence, claiming that he is actually innocent of his sentence because the Fair Sentencing Act of 2010 and the First Step Act of 2018 have since reduced the applicable penalty for his offense of conviction. Petitioner, however, has not met his burden of demonstrating that a motion under § 2255 is inadequate or ineffective to challenge the legality of his detention. Moreover, Petitioner's claim is not premised on any intervening change in substantive law that would negate the criminal nature of his conduct so that his conviction is no longer valid. As noted above, sentencing claims "[do] not fall within the purview of the savings clause." *See Adderly*, 459 F. App'x at 75. Therefore, Petitioner may not rely upon § 2241 to raise his claim that he is actually innocent of his sentence. *See Murray v. Warden Fairton FCI*, 710 F. App'x 518, 520 (3d Cir. 2018) ("We have not held that innocence-of-the-sentence claims fall within the exception to the rule that habeas claims must be brought in § 2255

motions."); *see also Gordon v. United States*, No. 3:18-cv-2420, 2019 WL 5864492, at *3-4 (M.D. Pa. Nov. 8, 2019) (dismissing inmate's § 2241 petition raising claim for relief under the First Step Act for lack of jurisdiction). Thus, the Court will dismiss Petitioner's § 2241 petition for lack of jurisdiction.

**III. CONCLUSION**

Based on the foregoing, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) will be dismissed for lack of jurisdiction without prejudice to Petitioner's right to file a § 2255 motion in the sentencing court, subject to the pre-authorization requirements set forth in 28 U.S.C. §§ 2244 and 2255(h), as they may apply. Because Petitioner is not detained because of a process issued by a state court and the petition is not brought pursuant to § 2255, no action by this Court with respect to a certificate of appealability is necessary. An appropriate Order follows.

s/Sylvia H. Rambo
Sylvia H. Rambo
United States District Judge
